# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

United States Courts
Southern District of Texas
F I L E D

JUN - 5 2024

Nathan Ochsner, Clerk of Court

RICHARD ARJUN KAUL, MD;
JANE DOE; JOHN DOE.

v.

TEXAS MEDICAL BOARD; ANDREW KAUFMAN;
STEVEN LOMAZOW; NEW JERSEY BOARD OF MEDICAL
EXAMINERS; JANE DOE; JOHN DOE.

CIVIL ACTION: NO.: 3:24-cv-163

COMPLAINT
DEMAND FOR JURY

1

# PARTIES

**Plaintiff**

RICHARD ARJUN KAUL, MD -- 24 Washington Valley Road, Morristown, NJ 07960: 973 876 2877: DRRICHARDKAUL@GMAIL.COM **("PLAINTIFF KAUL")**

**Defendants**

TEXAS MEDICAL BOARD -- 333 GUADALUPE STREET #3, AUSTIN, TX 78701 **("DEFENDANT TMB")**

NEW JERSEY BOARD OF MEDICAL EXAMINERS -- 140 E FRONT STREET, TRENTON, NJ 08608 **("DEFENDANT NJBME")**

STEVEN LOMAZOW, MD -- 50 NEWARK AVENUE # 104, BELLEVILLE, NJ 07109 **("DEFENDANT LOMAZOW")**

ANDREW KAUFMAN, MD -- 16 SIERRA COURT, HILLSDALE, NJ 07642 **("DEFENDANT KAUFMAN")**

## RELEVANT REFERENCES TO THE KAUL CASES

**K1 –** KAUL v CHRISTIE: 16-CV-02364 (FEBRUARY 22, 2016, TO NOVEMBER 16, 2021-U.S.D.C.-S.D.N.Y. TO D.N.J.).

**K2 -** KAUL v CHRISTIE: 18-CV-08086 (APRIL 9, 2018, TO JULY 7, 2021 -U.S.D.C.-D.N.J.).

**K5 –** KAUL v FEDERATION: 19-CV-3050 (OCTOBER 1, 2019, TO JULY 7, 2021-U.S.D.C.-D.D.C.).

**K7 –** KAUL v FEDERATION: 20-CV-01612 (JUNE 18, 2020, TO NOVEMBER 23, 2021-U.S.D.C.-D.D.C.).

**K11-1 -** KAUL v FEDERATION: 21-CV-00057 (JANUARY 11, 2021, TO APRIL 22, 2022-U.S.D.C.-NORTHERN DISTRICT TEXAS).

**K11-2 -** KAUL v BOSTON PARTNERS: 21-CV-10326 (FEBRUARY 24, 2021, TO JULY 30, 2021-U.S.D.C.-DISTRICT MASSACHUSETTS).

**K11-4 –** KAUL v MURPHY: 21-CV-00439/21-CV-09788 (MARCH 30, 2021, TO JULY 13, 2021, U.S.D.C.-DISTRICT CONNECTICUT TO DISTRICT OF NEW JERSEY).

**K11-15 –** KAUL v CHRISTIE: 23-CV-03473/23-CV-22582 (JUNE 27, 2023, TO FEBRUARY 16, 2024-DISTRICT OF NEW JERSEY TO SOUTHERN DISTRICT OF FLORIDA).

**K11-17 -** KAUL v CPEP: 23-CV-00672 (DECEMBER 12, 2023, TO PRESENT-EASTERN DISTRICT OF NORTH CAROLINA).

# JURISDICTION + VENUE

<u>General:</u>

28 U.S.C. § 1331 – Plaintiff's allegations arise pursuant to Section 1983 claims of violations of Kaul's Constitutional rights and U.S.C. § 1964(a)(b)(c)(d) and 1962.
28 U.S.C. § 1332(d)(2)(A) – Plaintiff is a citizen of a different state to certain Defendants and the aggregate amount in controversy exceeds seventy-five thousand dollars ($75,000).

<u>Personal:</u>

The Court has personal jurisdiction over all Defendants, as each Defendant has transacted business, maintained substantial contacts, and/or committed acts in furtherance of the illegal scheme and conspiracy throughout the United States, including in this district. The scheme and conspiracy have been directed at and have had the intended effect of causing injury to persons residing in, located in, or doing business throughout the United States including this District. This Court also has personal jurisdiction over all Defendants pursuant to Fed. R. Civ. P. 4(k)(1)(A) because they would be subject to a court of general jurisdiction in North Carolina.

<u>Venue:</u>

28 U.S.C. § 1391(b)(1) – A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located and (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

Plaintiff Kaul's denial of his application for licensure in the State of North Carolina was based on the illegal 2012/2014 suspension/revocation of his New Jersey license, and constitutes a **"new racketeering injury"** within the jurisdiction of the Eastern District of North Carolina, that confers on Plaintiff Kaul the right to sue in the United States District Court for the Eastern District of North Carolina.

## PRELIMINARY STATEMENT

**1.** This case is about Defendants perpetration of a knowingly illegal scheme against Plaintiff through, by and with the apparatus of state, that commenced in or around 2008, is ongoing in 2024, and which involved and involves willful violations of RICO and Plaintiff's human/civil/constitutional rights. The factual underpinning of this case, one of **The Kaul Cases**, is constituted of, amongst other things, admitted facts of the felonies of conspiracy/bribery/perjury/kickbacks/kidnapping/false indictment/false arrest/false imprisonment/attempted murder/public corruption/judicial corruption/securities fraud/wire fraud/witness tampering/evidence tampering/extortion/bankruptcy fraud/bank fraud. Defendants have caused and continue to cause ongoing/"new" injuries to Plaintiff Kaul's life/liberty/property/reputation, the continued causation of which is an attempt to conceal Defendants prior and ongoing felonies.

**2.** K11-19 seeks to vindicate Plaintiff's rights, cause a cessation of the ongoing/"new" violations of Plaintiff's human/civil/constitutional rights, cause the levying against Defendants of compensatory/consequential/punitive damages. K11-19 seeks to cause a verdict consistent with the  principles and holdings in Jarkesy v SEC ( 3:22-CV-00405), which find illegal the 2012 suspension/2014 revocation of Plaintiff's NJ medical license, the related 2019/2024 denial of licensure by the Texas Medical Board and the twelve-year-plus (12+) injuries to Plaintiff's life/liberty/property/reputation.

# THE DETERMINATIVE RELEVANCE AND APPLICABILITY OF JARKESY v. SEC

3. In Jarkesy, the U.S.C.A. for the Fifth Circuit opined that:

"**Other elements of the action brought by the SEC against Petitioners are more equitable in nature, but that fact does not invalidate the jury-trial right that attaches because of the <u>civil penalties</u> sought. The Supreme Court has held that the Seventh Amendment applies to proceedings that involve a mix of legal and equitable claims—the facts relevant to the legal claims should be adjudicated by a jury, even if those facts relate to equitable claims too. See <u>Ross v. Bernhard, 396 U.S. 531, 537–38 (1970); see also Lipson, 278 F.3d at 662</u> (noting that the defendant was entitled to a jury trial because the SEC sought legal relief in the form of <u>penalties</u>, even though the SEC also sought equitable relief). Here, the SEC sought to ban Jarkesy from participation in securities industry activities and to require Patriot28 to disgorge ill-gotten gains—both equitable remedies. Even so, the <u>penalty facet of the action suffices for the jury-trial right to apply to an adjudication of the underlying facts supporting fraud liability</u>." (<u>Exhibit 1</u>)**

4. Defendant NJBME sought civil penalties (**<u>Exhibit 2</u>**), and both the revocation proceeding (April 9 to June 27, 2013) and the penalty phase (June 28, 2013) were conducted in a knowingly illegal manner by **<u>The Kaul Cases</u>** Defendant and NJ OAL 'Judge', James Howard Solomon, without a jury and within the 'Star-like Chamber' secrecy of a state administrative agency under the control of **<u>The Kaul Cases</u>** Defendant, Christopher J. Christie. As if these violations were not sufficient, Defendant NJBME in collusion/conspiracy with **<u>The Kaul Cases</u>** Defendants Christie/Solomon then caused the issuance on December 13, 2013, of a knowingly fraudulent 'opinion' in which there were two hundred and seventy-eight (278) separate instances of evidential falsification/perjury/evidential omission and a recommended civil penalty of $300,000.

5. On March 24, 2014, Defendant NJBME increased this amount to $475,000 and adopted the knowingly illegal December 13, 2013 'opinion' in its totality, within a second 'opinion' that slandered Plaintiff's character and competence. Further evidencing Defendant NJBME's criminal state-of-mind and attempt to 'cover-up' its crimes is the fact that in the period from 2014 to 2019, all Plaintiff's attempts to have his NJ license reinstated/re-issued were rejected based on Defendant NJBME's assertion that it would not even consider the application until Plaintiff had paid the $475,000 'fine', despite Defendant NJBME knowing it was the product of fraud/crime and was itself a fraud/crime.

6. The Court concluded that the revocation of Petitioner's trading licenses by the SEC were unconstitutional and held:

"**In sum, we agree with Petitioners that the SEC proceedings below were unconstitutional. The SEC's judgment should be vacated for at least two reasons: (1)**

**Petitioners were deprived of their Seventh Amendment right to a civil jury; and (2) Congress unconstitutionally delegated legislative power to the SEC by failing to give the SEC an intelligible principle by which to exercise the delegated power.  We also hold that the statutory removal restrictions for SEC ALJs are unconstitutional, though we do not address whether vacating would be appropriate based on that defect alone.**

**We GRANT the petition for review, <u>VACATE the decision of the SEC, and REMAND for further proceedings consistent with this opinion.</u>" (<u>Exhibit 1</u>).**

**7.** Plaintiff was not only deprived of his right to a jury trial, but was denied any due process within the administrative proceeding/penalty phase consequent to **The Kaul Cases** Defendants corruption of Defendants NJBME/Kaufman/Lomazow and NJ OAL 'Judge', James Howard Solomon, who all participated in a quid pro quo, in which they received bribes in exchange for a willful/knowingly illegal revocation of Plaintiff's NJ license; a crime that caused and continues to cause injury to Plaintiff's life/liberty/property/reputation in 2024.

# BASIS FOR ALL DISTRICT STANDING

**8.** Plaintiff Kaul has standing to bring suit against any/all of **The Kaul Cases** Defendants in any district court within the United States District Court, because **The Kaul Cases** Defendants caused him an illegal injury in April 2012 in all states/districts by using the US wires to disseminate, through the entities of the National Practitioners Data Bank/Defendant TMB/Co-conspirator FSMB/All State Medical Boards, information regarding the knowingly fraudulent 2012 suspension/2014 revocation proceedings of Plaintiff Kaul's New Jersey license (**Exhibit 3**).

**9.** This information, procured through fraud and fraudulent in nature/form, was entered onto the official record and had the immediate injurious effect of preventing Plaintiff Kaul from obtaining a license in any/all states/districts.

**10.** Since April 2012, Plaintiff Kaul has continued to be caused injury in all states/districts because **The Kaul Cases** Defendants with Co-conspirator FSMB being the 'central cog' of the conspiracy, have perpetuated the injurious effect by obstructing Plaintiff Kaul's right/ability to procure a license and or have his NJ license reinstated (**Exhibit 4**).

**11.** Similarly, Plaintiff Kaul's economic standing/reputation/livelihood/liberty/life/social standing/professional standing/physical standing have been injured an injury that has continued to be unlawfully exacerbated, consequent to **The Kaul Cases** Defendants willful/knowing and illegal obstruction of Plaintiff Kaul's litigation and license procurement efforts in the American courts and state medical boards (**Exhibit 5**).

**12.** On May 11, 2024, Plaintiff Kaul affirmatively re-established a licensing injury in every state, and in 2024, the fact that Plaintiff Kaul is not in possession of a license in any state/district, including New Jersey and Texas despite a persistent/material/concerted effort since 2012 (Plaintiff Kaul's attempts at a 'peaceful' negotiation were ignored/rejected), and despite admitted fact that the 2012/2014 NJ suspension/revocation were/are illegal, DOES irrefutably establish standing in all districts.

**13.** Almost all of **The Kaul Cases** Defendants/their lawyers have 'minimal contacts' with every state/district within the United States, and either benefit or have benefited from a 'stream of commerce' within that state/district, including Texas, and the one or two that do not, have used and continue to use the US wires/mail to cause injury to Plaintiff Kaul and to conduct personal/business affairs within all states/districts of the United States.

## BASIS FOR NEW CLAIMS

**14.** The law - <u>Lawlor v. Nat'l Screen Sers. Corp., 349 U.S. 322, 327 (1955)/ Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479 (1985)/ Agency Holding v. Malley-Duff, 483 U.S. 143 (1987)/Continuing Violations Doctrine/Bodner v Banque Paribas 114 F.Supp.2d 117 (2000)</u> - provides Plaintiff Kaul the right to continue to file new claims against **The Kaul Cases** Defendants and others based on the ongoing/**"new"** injuries to his life/liberty/property/reputation that continue to remain un-remediated/un-rectified/non-compensated and that continue to be caused by **The Kaul Cases** Defendants ongoing/**"new"** violations of Plaintiff Kaul's human/civil/constitutional rights.

# CONTROLLING LEGAL AUTHORITY AND KNOWING ILLEGALITY OF 2012 SUSPENSION/2014 REVOCATION OF NJ LICENSE

**15.** Defendants continuing liability in 2024 stems from the un-remediated crimes/violations/wrongdoing that they knowingly/willfully/with malice aforethought, committed and continue to commit against Plaintiff Kaul in a period that commenced in or around 2005 and is ongoing in 2024.

**Lack of Authority**:

**16.** Defendants knew in 2005 that their scheme to have Plaintiff Kaul's license revoked within the New Jersey administrative state apparatus was illegal and unconstitutional, but yet proceeded to perpetrate their abuse of power scheme in the conviction that:

**(i)** they had all the power and Plaintiff Kaul had none.

**(ii)** Plaintiff Kaul would be unable to find a lawyer who knew that for Defendants to have revoked Plaintiff's license would require the case be placed before an Article III Judge and a jury.

**(iii)** **The Kaul Cases** Defendant, Christopher J. Christie, was the then governor, who entered a series of quid pro quo schemes with **The Kaul Cases** Defendants, in which he had received bribes in exchange for abusing his executive power to have Plaintiff Kaul's license revoked.

**(iv)** the medical board, the attorney general and the office of administrative law, the three agencies involved in the revocation, were all part of the executive branch of state, which was singularly controlled by **The Kaul Cases** Defendant, Christie.

**(v)** even if Plaintiff Kaul found a lawyer who knew that jurisdiction for the revocation proceeding resided in federal court, he would be intimidated by the political forces surrounding the case and would refuse to assist Plaintiff Kaul.

**(vi)** consequent to the conspiratorial conclusion of the revocation, Plaintiff Kaul, absent a license and livelihood, would engage in the illegal practice of medicine. Defendants planned to use this anticipated violation to have Plaintiff Kaul criminally indicted, in order to then manufacture a conviction that they believed would bolster their knowingly illegal administrative scheme, and would eliminate Plaintiff Kaul and the threat of his exposing their criminal scheme. This was just one of many 'Kaul Elimination Schemes' (2012-2024) perpetrated by **The Kaul Cases** Defendants by/through/with the investigative-prosecutorial-adjudicative agencies of both NJ state and federal government (D.N.J.) against Plaintiff Kaul purposed to have him jailed/'suicided'/deported/killed.

**17.** Defendants are precluded from claiming ignorance of these facts, as they were advised on the record on June 13, 2012, by Plaintiff Kaul's then lawyer as to the illegality of their actions (**Exhibit 6**). That it took twelve (12) years to independently establish that an administrative agency seeking to deprive a person of a license critical to their livelihood, must place the matter before an Article III judge and jury (**Exhibit 1**), constitutes further evidence of Defendants guilty state-of-mind and accounts for their ongoing commission of ever more serious felonies (kidnapping/false indictment/false arrest/false imprisonment/attempted murder). It evidences the fact that Defendants knew from the 2005 commencement of their scheme that their actions were criminal, a criminality they believed would not be exposed and a criminality they attempted to 'cover-up' through grand schemes of political/judicial corruption.

**18.** As an example of how these grand schemes of corruption are exposed, there is currently in the UK a public investigation of how in a period from 2006 to 2016, the Post Office caused the wrongful convictions and incarcerations of hundreds of innocent sub-postmasters, who were falsely accused of stealing money:

https://www.youtube.com/watch?v=fo_a4gCdzHg&t=4s

Defendants crimes are as equally heinous as those of their corrupt British counter-parts, which explains their visceral fear of discovery and or trial, as it will cause their incarceration, as will occur to their British counter-parts and as they attempted on many occasions (state/federal) to cause to Plaintiff Kaul.

**19.** In K5, Plaintiff Kaul set forth other bases for the unlawfulness, unconstitutionality and illegal configuration of the process of physician regulation in state medical boards and particularly New Jersey (**Exhibit 7**).

# STATEMENT OF FACT

**20.** The factual underpinning of the case consists of the admitted fact within the May 15, 2024, PETITIONER ... NOTICE OF FACTS ADMITTED IN PROCEEDINGS WITH A DIRECT CONNECTION TO THE ISSUES ON APPEAL (CASE NO. 24-1417 IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT) (**Exhibit 7**). This corpus of fact extends from 2008 to 2024 and pursuant to RICO's doctrine of vicarious liability confers culpability of the entire corpus of fact on all **THE KAUL CASES** Defendants.

**FACTS AS TO DEFENDANT TEXAS MEDICAL BOARD**:

**21.** The facts relevant to the proof of the claims against Defendant Kaufman are found within the ADMISSION OF MATERIAL AND UNDISPUTED FACT OF DEFENDANT NEW JERSEY BOARD OF MEDICAL EXAMINERS filed in support of Plaintiff's contemporaneously filed motion for SUMMARY JUDGMENT. The admitted facts are organized chronologically, with relevance to the specific violation of law/rights and applicability to the elements of the within legal claims.

**22.** In June 2012 and March 2014, Defendant NJBME disseminated across the US wires and through the National Practitioners Data Bank, information pertaining to the knowingly illegal suspension and revocation of Plaintiff Kaul's NJ license.

**23.** Defendant TMB received this information via the US wires and the National Practitioners Data Bank.

**24.** Defendant TMB knew the suspension and revocation were illegal, but failed to report the crimes to state or federal authorities.

**25.** Instead, Defendant TMB entered, a subjugate member of **The Kaul Cases** Defendant, FSMB, did enter into a conspiracy with Defendant NJBME and **The Kaul Cases** Defendant FSMB purposed to prevent Plaintiff from obtaining a license in Texas.

**26.** In 2020, Defendant TMB denied Plaintiff's application for licensure based on the knowingly illegal 2014 revocation in New Jersey and then in 2024, Defendant TMB denied Plaintiff's application for licensure based on the knowingly illegal 2014 revocation in New Jersey (**Exhibit 8**).

**27.** In a period commencing in 2016, Defendant TMB did come to know of **The Kaul Cases** and of the evidence/admitted facts of the illegality of the 2014 revocation.

**28.** In a period from 2016 to the present, Defendant TMB has continued to fail to report the crimes of Defendant NJBME to state and or federal authorities.

**29.** In a period from 2012 to the present, Defendant TMB has remained in a knowingly illegal conspiracy with Defendant NJBME and **The Kaul Cases** Defendant FSMB against Plaintiff Kaul,

**30.** This conspiracy has continued to violate Plaintiff Kaul's human/civil/constitutional rights.

**31.** Defendant TMB was sued in the United States District Court for the Eastern District of Texas in 2008 by the American Association of Physicians & Surgeons (**Exhibit 9**) for, amongst other things, its **"pervasive and continuing violations of constitutional rights of its members by the Defendants, including the Defendant Texas Medical Board ("TMB"). On behalf of its members, AAPS complains about Defendants': manipulation of anonymous complaints; conflicts of interest; violation of due process; breach of privacy; retaliation against those who speak out."**

**FACTS AS TO DEFENDANT NEW JERSEY BOARD OF MEDICAL EXAMINERS:**

**32.** The facts relevant to the proof of the claims against Defendant NJBME are found within THE STATEMENT OF MATERIAL AND UNDISPUTED FACT OF DEFENDANTS NEW JERSEY BOARD OF MEDICAL EXAMINERS/ANDREW KAUFMAN/STEVEN LOMAZOW (**Exhibit 10**). The facts are organized chronologically, with relevance to the specific violation of law/rights and applicability to the elements of the within legal claims. Pursuant to RICO's doctrine of vicarious liability, every fact within this almost twenty (20) year-long corpus of past/ongoing/"new" fact as to each Defendant is ascribable to every Defendant. Pursuant to RICO, "**the crime of one becomes the crime of all**". See Salinas v. United States, 522 U.S. 52 (1997) + U.S. v. Coonan, 671 F. Supp. 959 (S.D.N.Y. 19867).

**33.** Plaintiff sued Defendant NJBME in the United States District Court on seven (7) separate occasions between February 22, 2016, and March 30, 2021:

KAUL v CHRISTIE: 16-CV-02364 (K1) (**Exhibit 1**: Total Pages 5 of 303).
KAUL v CHRISTIE: 18-CV-08086 (K2) (**Exhibit 1**: Total Pages 6 of 303).
KAUL v FEDERATION: 19-CV-3050 (K5) (**Exhibit 1**: Total Pages 7 of 303).
KAUL v FEDERATION: 20-CV-01612 (K7) (**Exhibit 1**: Total Pages 7 of 303).
KAUL v FEDERATION: 21-CV-00057 (K11-1) (**Exhibit 1**: Total Page 7 of 303).
KAUL v BOSTON PARTNERS: 21-CV-10326 (K11-2) (**Exhibit 1**: Total Pages 7 of 303).
KAUL v MURPHY: 21-CV-00439 (K11-4) (**Exhibit 1**: Total Pages 7 of 303).

**34.** Defendant NJBME did not deny any of the facts, and thus pursuant to Rule 8(b)(6) Defendant NJBME did admit them, for which it assumed culpability in conjunction with the culpability of all other facts of the entire corpus of fact of all **THE KAUL CASES** that it assumed through RICO's doctrine of vicarious liability.

**35.** These admitted facts conclusively substantiate against Defendant NJBME to the Summary Judgment standard, the levied charges of, amongst other things,

conspiracy/bribery/perjury/kickbacks/kidnapping/false indictment/false arrest/false imprisonment/attempted murder/public corruption/judicial corruption/securities fraud/wire fraud/witness tampering/evidence tampering/extortion/bankruptcy fraud/bank fraud.

**36.** Similarly, it is a fact that Defendant NJBME is defenseless, as not only are the facts admitted, but throughout **THE KAUL CASES** Defendant NJBME failed to contest/rebut/refute any of the differentiations that Plaintiff Kaul submitted in reply to the hundreds of legal citations/statutes/rules that he submitted as part of his purported defense.

**FACTS AS TO DEFENDANT KAUFMAN**:

**37.** The facts relevant to the proof of the claims against Defendant NJBME are found within THE STATEMENT OF MATERIAL AND UNDISPUTED FACT OF DEFENDANTS NEW JERSEY BOARD OF MEDICAL EXAMINERS/ANDREW KAUFMAN/STEVEN LOMAZOW (**Exhibit 10**). The facts are organized chronologically, with relevance to the specific violation of law/rights and applicability to the elements of the within legal claims. Pursuant to RICO's doctrine of vicarious liability, every fact within this almost twenty (20) year-long corpus of past/ongoing/"new" fact as to each Defendant is ascribable to every Defendant. Pursuant to RICO, **"the crime of one becomes the crime of all"**. See <u>Salinas v. United States, 522 U.S. 52 (1997) + U.S. v. Coonan, 671 F. Supp. 959 (S.D.N.Y. 19867)</u>.

**38.** Plaintiff sued Defendant Kaufman in the United States District Court on five (5) separate occasions between February 22, 2016, and March 30, 2021:

KAUL v CHRISTIE: 16-CV-02364 (K1) (**Exhibit 1**: Total Pages 5 of 303).
KAUL v CHRISTIE: 18-CV-08086 (K2) (**Exhibit 1**: Total Pages 6 of 303).
KAUL v FEDERATION: 19-CV-3050 (K5) (**Exhibit 1**: Total Pages 7 of 303).
KAUL v BOSTON PARTNERS: 21-CV-10326 K11-2) (**Exhibit 1:** Total Pages 7 of 303).
KAUL v MURPHY: 21-CV-00439 (K11-4) (**Exhibit 1:** Total Pages 7 of 303).

**39.** Defendant Kaufman did not deny any of the facts, and thus pursuant to Rule 8(b)(6) Defendant Kaufman did admit them, for which he assumed culpability in conjunction with the culpability of all other facts of the entire corpus of fact on all **THE KAUL CASES** that he assumed through RICO's doctrine of vicarious liability.

**40.** These admitted facts conclusively substantiate against Defendant Kaufman to the Summary Judgment standard, the levied charges of, amongst other things, conspiracy/bribery/perjury/kickbacks/kidnapping/false indictment/false arrest/false imprisonment/attempted murder/public corruption/judicial corruption/securities fraud/wire fraud/witness tampering/evidence tampering/extortion/bankruptcy fraud/bank fraud.

**41.** Similarly, it is a fact that Defendant Kaufman is defenseless, as not only are the facts admitted, but throughout **THE KAUL CASES** Defendant Kaufman failed to contest/rebut/refute

any of the differentiations that Plaintiff Kaul submitted in reply to the hundreds of legal citations/statutes/rules that he submitted as part of his purported defense.

## FACTS AS TO DEFENDANT LOMAZOW:

**42.** The facts relevant to the proof of the claims against Defendant NJBME are found within THE STATEMENT OF MATERIAL AND UNDISPUTED FACT OF DEFENDANTS NEW JERSEY BOARD OF MEDICAL EXAMINERS/ANDREW KAUFMAN/STEVEN LOMAZOW (**Exhibit 10**). The facts are organized chronologically, with relevance to the specific violation of law/rights and applicability to the elements of the within legal claims. Pursuant to RICO's doctrine of vicarious liability, every fact within this almost twenty (20) year-long corpus of past/ongoing/"new" fact as to each Defendant is ascribable to every Defendant. Pursuant to RICO, **"the crime of one becomes the crime of all"**. See Salinas v. United States, 522 U.S. 52 (1997) + U.S. v. Coonan, 671 F. Supp. 959 (S.D.N.Y. 19867).

**43.** Plaintiff sued Defendant Lomazow in the United States District Court on three (3) separate occasions between February 22, 2016, and March 30, 2021:

KAUL v CHRISTIE: 16-CV-02364 (K1) (**Exhibit 1**: Total Pages 5 of 303).
KAUL v FEDERATION: 19-CV-3050 (K5) (**Exhibit 1**: Total Pages 7 of 303).
KAUL v BOSTON PARTNERS: 21-CV-10326 (K11-2) (**Exhibit 1**: Total Pages 7 of 303).

**44.** Defendant Lomazow did not deny any of the facts, and thus pursuant to Rule 8(b)(6) Defendant Lomazow did admit them, for which he assumed culpability in conjunction with the culpability of all other facts of the entire corpus of fact of all **THE KAUL CASES** that he assumed through RICO's doctrine of vicarious liability.

**45.** These admitted facts conclusively substantiate against Defendant Lomazow to the Summary Judgment standard, the levied charges of, amongst other things, conspiracy/bribery/perjury/kickbacks/kidnapping/false indictment/false arrest/false imprisonment/attempted murder/public corruption/judicial corruption/securities fraud/wire fraud/witness tampering/evidence tampering/extortion/bankruptcy fraud/bank fraud.

**46.** Similarly, it is a fact that Defendant Lomazow is defenseless, as not only are the facts admitted, but throughout **THE KAUL CASES** Defendant Lomazow failed to contest/rebut/refute any of the differentiations that Plaintiff Kaul submitted in reply to the hundreds of legal citations/statutes/rules that he submitted as part of his purported defense.

**47.** In 2013, Defendant Lomazow was recorded discussing the untimely/sudden 2006 death of Paul Kenney, a New Jersey deputy attorney general who was about to expose the pervasive corruption within Defendant NJBME:

https://www.youtube.com/watch?v=sFtE8EvEMsU

# LEGAL CLAIMS

**48.** The individual Defendants – NJBME/Kaufman/Lomazow – and Co-conspirators –
Christie/Chiesa/Kanefsky/Solomon/Hafner – are all separately and jointly liable for the pled
past/ongoing/"**new**" offenses and injuries caused to Plaintiff Kaul, and as such the pleading
term '<u>Defendants Kaufman/Lomazow/NJBME and Co-conspirators
Christie/Chiesa/Kanefsky/Solomon/Hafner</u>' reflects, communicates and is to be understood as
meaning exactly and explicitly this.


## COUNT ONE
### <u>Association-In-Fact Enterprise: Texas Medical Board-New Jersey Medical Board-New Jersey
Office of Administrative Law-Office of the New Jersey Attorney General ("TMB-NJMB-NJOAL-
NJAG Association-In-Fact Enterprise")
Defendant Persons: NJBME/Kaufman/Lomazow
Co-conspirators: Christie/Chiesa/Kanefsky/Solomon/Hafner
RICO Predicate Acts: Mail Fraud/Wire Fraud/Public Corruption/Bribery/Perjury/Fraud on the
Court</u>


<u>Overview:</u>

**49.** "**Federation Cartel**"-Structure and Liability: Defendants TMB and NJBME are subjugate
members of <u>The Kaul Cases</u> Defendant Federation of State Medical Boards ("**FSMB**"), an entity
domiciled in Texas, and a for-profit entity that exists/operates as a monopolistic cartel
("**Federation Cartel**" – "**FC**") of the multi-billion-dollar industry of so called 'physician
regulation and discipling'. However, the cartel-like structure of the "**FC**" confers equally on <u>all</u>
subjugate members the liability of offenses/violations of the law and human/civil/constitutional
rights committed by <u>one</u> member of the "**FC**". Thus, Defendant TMB is an equally liable for the
crimes/violations perpetrated by Defendant NJBME against Plaintiff Kaul, and Defendant
NJBME is as equally liable for those committed by Defendant TMB against Plaintiff Kaul. The
"**FC**" exists/functions/acts as 'one unit', in that **"the crime of one becomes the crime of all"**.

**50.** In a time period commencing in or around 2005, the Defendants did conspire to commit,
and did commit a knowingly illegal "pattern of racketeering" and did convert the New Jersey
Medical Board-New Jersey Office of Administrative Law-Office of the New Jersey Attorney
General into the **"NJMB-NJOAL-NJAG Association-In-Fact Enterprise"** through and under cover
of which they perpetrated the RICO predicate acts of Mail Fraud/Wire Fraud/Public
Corruption/Bribery/Perjury/Fraud on the Court that in conjunction with the other RICO
schemes, were purposed to eliminate Plaintiff Kaul by attempting to prohibit his access to the
courts for compensatory redress/re-procurement of a livelihood.

**51.** As a New Jersey administrative law judge, Co-conspirator Solomon was subjugated to the
executive branch of the New Jersey government, of which Co-conspirator Christie, as the then
governor, was the 'executive'.

**52.** In a period between 2010 and 2012, Co-conspirator Solomon entered into a quid pro quo with, amongst others, **The Kaul Cases** Defendant, Allstate Insurance Company, in which he exited retirement for the sole purpose of adjudicating Plaintiff Kaul's 2013 licensing case/hearing. This quid pro quo scheme was orchestrated by Co-conspirator Christie and involved the funneling of bribes from Co-conspirator Allstate to Co-conspirator Solomon in return for which he would, in a knowingly criminal act, order the illegal revocation of Plaintiff Kaul's New Jersey license on December 13, 2013.

**53.** The benefit that inured to Co-conspirator Christie from this scheme was the revocation of Plaintiff Kaul's license, a knowingly illegal act, for the perpetration of which he had received bribes from Co-conspirator Allstate and others.

**54.** The benefit that inured to Co-conspirator Solomon was that he would re-enter retirement a much wealthier man than when he exited.

**55.** The benefit that inured to Defendants Kaufman and Lomazow was an illegal per se monopolization of the minimally invasive spine surgery market, through the illegal elimination of Plaintiff Kaul and his outpatient surgery centers, and the increased business referrals from neurosurgeons/hospitals for having caused such an anticompetitive injury to the outpatient minimally invasive spine surgery market.

**56.** The benefit that inured to Defendant NJBME and its members pertained to its abuse of power and its members motivation to not be dismissed from state positions by Co-conspirator Christie and forfeit their state pensions.

**57.** The benefit that inured to Co-conspirator Allstate/other insurance carriers was that the revocation related non-payment of monies owed to Plaintiff Kaul for the provision of professional services, would translate into increased executive/shareholder compensation.

**58.** Co-conspirator Christie knew that the illegal revocation of Plaintiff Kaul's license would benefit Co-conspirator Allstate/other insurance carriers in that Co-conspirator Allstate would use it as an excuse to not pay Plaintiff Kaul for medical services he had rendered to Co-conspirator Allstate/other insurance carriers' fee-paying customers who had sustained auto-accident-related injuries.

**59.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Christie/Chiesa/Kanefsky/Solomon/Hafner knew that their scheme constituted an illegal theft of services and deprivation of Plaintiff Kaul's livelihood right.

**60.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Christie/Chiesa/Kanefsky/Solomon/Hafner did nonetheless use the apparatus of state to perpetrate a knowingly illegal scheme from which they all profited at the expense of Plaintiff Kaul's life/liberty/property/reputation.

**2005 - 2012**

**61.** Defendants knowingly illegal scheme to revoke Plaintiff Kaul's license commenced in or around 2005, shortly after Plaintiff Kaul invented and successfully performed the first outpatient minimally invasive spinal fusion:

https://www.youtube.com/watch?v=JX4bnRPPucI&t=17s

**62.** In 2007/8, Defendants scheme came to involve Co-conspirator Christie, who entered into a series of quid pro quo schemes with **The Kaul Cases** Defendants, in which he demanded bribes in exchange for abusing state executive power to have Plaintiff Kaul's license revoked.

**63.** Co-conspirator Christie, in using the NJ governorship as a political weapon to exact bribes/extort monies from those seeking favors/looking to escape extortionate criminal indictments filed by his subjugate attorney general, did signal his intent to trade the resources/power of the State of New Jersey in quid pro quo schemes with anyone willing to bribe him.

**64.** Defendants Kaufman/Lomazow and Co-conspirator Allstate, having perpetrated schemes of judicial corruption within the State of New Jersey since at least 1999, did through intermediaries propose to Co-conspirator Christie such a quid pro quo, in which monies were funneled into Co-conspirator Christie's offshore financial vehicles and political campaign/businesses associated with him and from which he directly profited.

**65.** In the conceiving/planning/execution of this scheme, Defendants Kaufman/Lomazow and Co-conspirators Christie/Allstate agreed upon the value of the bribes and the method in which they would be delivered, with a percentage being funneled before the revocation (2010-2013) and the balance after the revocation (2014).

**66.** The planning/development of the scheme involved  Defendants Kaufman/Lomazow and Co-conspirators Christie/Allstate use of the US wires in the exchange of information that included, amongst other things, which persons would be involved, the extent of their knowledge of the scheme's illegality, the risk of information leaks prior to the April 2, 2012, filing of the revocation case against Plaintiff Kaul and how to manipulate the media into propagating their knowingly fraudulent narrative.

**67.** A critical part of the scheme was choosing an administrative law judge whose career had ended and whom they believed needed the money, would take the risk of participating in the scheme and would lose little if the scheme was exposed.

**68.** Defendants recommended Co-conspirator Solomon to Co-conspirators  Christie/Allstate as such an individual.

**69.** In the period from 2005 to 2011, there were multiple communications (digital/non-digital) meetings and negotiations between Defendants and Solomon and Co-conspirators Christie/Allstate, in which they agreed upon the terms of their quid pro quo schemes.

**70.** Co-conspirator Allstate provided Defendants Kaufman/Lomazow and Co-conspirator Solomon a similar but lesser deal as the one they agreed upon with Co-conspirator Christie, but stipulated in their corrupt pact with Co-conspirator Solomon that their lawyers would co-draft his fraudulent opinion/order (December 13, 2013).

**71.** In the discussions regarding the contents of the final opinion/order, many of which were conducted over the US wires and others in face-to-face meetings, Defendants and Co-conspirators Allstate/Solomon agreed that all of Plaintiff Kaul's witnesses (15) would be found not credible and all of Co-conspirator Christie's witnesses would be found credible.

**72.** It was also agreed that any/all evidence that supported Plaintiff Kaul's case and undermined Defendant Christie's case would be excluded and that all evidence that undermined Plaintiff Kaul's case and supported Defendant Christie's case would be included and amplified.

**73.** It was also agreed that evidence would be falsified and tampered with as deemed necessary to substantiate the revocation and penalties.

**74.** It was also agreed that Defendant Kaufman, a Co-conspirator Christie witness would be treated with immense respect, while Plaintiff Kaul and his witnesses would be demeaned and harassed.

**75.** It was also understood that Defendants Kaufman/Lomazow and Co-conspirator Christie's then deputy attorney general, Co-conspirator Doreen Hafner would coerce and cajole some of Plaintiff Kaul's patients into perjuring themselves by providing knowingly false testimony against Plaintiff Kaul.

**76.** It was also understood that state persons working under Co-conspirator Christie would telephone Plaintiff Kaul's patients seeking to have them fabricate complaints about the care they received from Plaintiff Kaul.

**77.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie knew that evidential falsification/witness tampering/subornation perjury/fraud were crimes under state/federal law, but yet persisted in their prolonged perpetration as they believed Plaintiff Kaul would never expose their criminal conspiracy as he would be jailed/psychologically incapacitated/killed or otherwise unable to survive due to economic/reputational destruction.

**78.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie believed that even if Plaintiff Kaul did expose their crimes, he would not be able to initiate legal action as he would have no money to retain a lawyer and did not himself know the law.

**79.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie believed that even if Plaintiff Kaul taught himself the law, he would be unsuccessful in prosecuting a lawsuit as Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie along with **The Kaul Cases** Defendants would bribe and or otherwise corrupt state/federal judges into dismissing his cases.

**80.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie believed that if Plaintiff Kaul were able to mount a legal challenge, it would be limited to the filing of one lawsuit with the venue restricted to the District of New Jersey, a district in which they controlled the judges.

**81.** Defendants believed that the restriction to the District of New Jersey would cause Plaintiff Kaul's one and only lawsuit to be dismissed with prejudice by a judge who had been bribed by **The Kaul Cases** Defendants.

**82.** In the 2008-2012 planning of the scheme,  Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie never imagined that in 2024 their crimes would be before the United States District Court for the Western District of Texas, the circuit in which in which the holding of the 5th Circuit in <u>Jarkesy</u> is now binding law.

**83.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie inability to imagine such a scenario accounts for their shameless and knowingly willful commission of crime.

**84.** The malice with which the crimes were committed reflects Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie criminal state-of-mind

**85.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie agreed that as soon as Plaintiff Kaul's license was revoked (March 24, 2014), the members of Defendant NJBME would be dismissed in the belief it would immunize them from civil and or criminal prosecution.

**86.** It was agreed that the members upon dismissal would not discuss the case with anybody and would attempt to conceal their role in the conspiracy against Plaintiff Kaul and their knowledge that they did not have the authority to revoke Plaintiff Kaul's license without a jury hearing.

**87.** It was also agreed that the members would not disclose any information about the bribes and 'pay-offs' they received from Co-conspirator Allstate/others just prior to their dismissal, purposed to induce them to remain silent about their crimes even if placed under oath.


**2012-2014**

**88.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie, having agreed upon the terms of their quid pro quo arrangements and the operative/structural elements of their scheme, did agree that it's perpetration against Plaintiff Kaul would commence on April 2, 2012, with the filing of a complaint to revoke his license, to be accompanied with widespread highly defamatory media coverage over the internet, radio, tv and print.

**89.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie discussed the scheme in military terms as being like that of a legal media 'blitzkrieg' that Defendants were convinced would cause Plaintiff Kaul to simply 'disappear' under a 'barrage' of legal action, civil investigations, criminal investigations, and continuously negative media coverage.

**90.** A critical element of the scheme was to attempt to isolate Plaintiff Kaul from any kind of professional/economic/social support in order that he be unable to find legal representation, medical experts, and or witnesses to testify on his behalf.

**91.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner, in believing that Plaintiff Kaul would indeed be professionally/economically/socially isolated and thus either unable to mount any defense or a minimal defense did schedule only six (6) days for the April 9, 2013, NJ OAL hearing, most of which they believed would be occupied by the testimony of their witnesses.

**92.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner believed that Plaintiff Kaul would depart the United States shortly after the commencement of their 2012 legal media 'blitzkrieg', or as communicated to one of Plaintiff Kaul's then lawyers (Paul Schaff) by a person within the office of the NJ AG: **"He [Kaul] is probably going to pack his bags and leave"**

**93.** It was this mistaken belief regarding Plaintiff Kaul's departure that caused Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner to experience no sense of risk/danger in perpetrating their crimes by, through and with state persons/authority/apparatus.

**94.** This mistaken belief was further bolstered by Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner conviction that Defendant Christie would become the 2016 US President, and would, if Plaintiff Kaul did not depart, use his power to have Plaintiff Kaul eliminated, in the same manner as he had abused the power of the office of the US Attorney (2001-2009) to eliminate his political opponents (Democratic donor Charles Kushner/Governor James McGreevey/Mayor Sharpe James) and or those who refused to support him (Fort Lee Mayor Mark Sokolich). Political Gangsterism.

**95.** With the commencement of the scheme on April 2, 2012, Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner

used the US wires to exchange information regarding media coverage, legal proceedings and the ongoing incitement and conspiracy with patients/insurance companies to file lawsuits against Plaintiff Kaul, as part of Defendants 'blitzkrieg'.

96. In the time period from April 2, 2012, to August 2012 Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner and their agents used the US wires to disseminate orders to every legal/medical professional in New Jersey to refuse to assist Plaintiff Kaul if he/his lawyer so requested, the purpose being to render him unable to fight the revocation case.

97. Shortly after the April 2, 2012, commencement, persons who had initially pledged support did withdraw, a withdrawal that coincided with the rescindment of loans/closure of accounts by **The Kaul Cases** Defendant TD, Plaintiff Kaul's then bank. A central element of the scheme was the destruction of Plaintiff Kaul's economic standing.

98. Despite the highly concerted and conspiratorial organization of the scheme, Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner/others were not successful in preventing Plaintiff Kaul from finding counsel to prepare an opposition to the revocation case.

99. However, Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner/others inability to prevent Plaintiff Kaul's case preparation did not deter them from continuing their sabotage, and approximately two (2) weeks before the April 9, 2013, commencement of the hearing with Co-conspirator Solomon, Plaintiff Kaul's then lawyers were told by Co-conspirator Christie/agents that Co-conspirator Solomon had been ordered to revoke Plaintiff Kaul's license regardless of what evidence he presented.

100. Consequently, two (2) weeks before the hearing commencement, Plaintiff Kaul's lawyers demanded $200,000 with the threat that if Plaintiff Kaul did not pay them within twenty-four (24) hours they would withdraw from the case,

101. Twenty-four (24) hours later they withdrew from the case as Plaintiff Kaul did not have the funds and had already paid them approximately $200,000.

102. Within three (3) days a lawyer with whom Plaintiff Kaul had worked since 2007 agreed to represent him at the hearing, which commenced on April 9 and concluded on June 28, 2023.

103. On December 13, 2013, Defendant Solomon issued a knowingly fraudulent opinion/order and used the US wires to transmit the document in furtherance of the scheme of Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner/others and **The Kaul Cases** Defendants to destroy Plaintiff Kaul's life/liberty/property.

**104.** Co-conspirator Solomon recommended revocation and a three hundred thousand dollar ($300,000) 'fine'. He knew this number was purposed to extort Plaintiff Kaul, knew it was illegal, knew it was part of illegal scheme and knew it was caused into existence through nothing but Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner/others criminal conspiracy.

**105.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon-lawyer/Christie-lawyer/Kanefsky-lawyer/Hafner-lawyer/others knew that that December 13, 2013, opinion/order was a 'Fraud on the Court', a fraud that was illegally incorporated into multiple subsequent state legal proceedings which caused the issuance of fraudulent judgements/multi-million-dollar payouts on fraudulent medical malpractice claims.

**106.** In the time period from April 2, 2012, to December 13, 2013, Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon-lawyer/Christie-lawyer/Kanefsky-lawyer/Hafner-lawyer/others scheme caused Plaintiff Kaul's corporations to file for Chapter 11 bankruptcy, caused the fraudulent filing of multiple lawsuits against Plaintiff Kaul in state/federal courts in New Jersey by ex-patients/insurance companies (Defendant Allstate/**The Kaul Cases** Defendant Geico) and other persons/entities who owed money to Plaintiff Kaul's corporations.

**107.** Co-conspirator Solomon's knowingly fraudulent opinion/order was disseminated across the US wires/internet to state/federal/international healthcare/regulatory agencies (state medical boards/DEA) and state/federal investigative/prosecutorial/adjudicative agencies as part of Defendants ongoing attempt to eliminate Plaintiff Kaul.

**2014 – 2023:**

**108.** From the inception of Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner/others scheme, it was their intention to destroy Plaintiff Kaul's life/property and to deprive him of his liberty, and to do so through an ongoing deprivation of his economic/reputational standing in order to attempt to prevent him from exposing their crimes.

**109. The Kaul Cases** Defendants conspiracy, which includes Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner/others, commenced in 2005/6 and its ongoing-ness in 2024 is consequent to **The Kaul Cases** Defendants scheme to attempt to prevent Plaintiff Kaul from causing further evidential exposure of their crimes.

**110.** The conspiracy's ongoing-ness is one cause of the continued cause of action generation. **The Kaul Cases** Defendants are trapped between either admitting their crimes/remediating Plaintiff Kaul (NJ license reinstatement/compensation/public apology) or devoting decades/millions dollars to defending against **The Kaul Cases**.

**111.** In this time period Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner/others did came to know that if Plaintiff Kaul were to continuing prosecuting claims against them, he would ultimately prevail in procuring remedies to the eleven-year-plus (12 +) injuries (2012-2024) they have caused and continue to cause Plaintiff Kaul.

**112.** In this knowledge and seeking to **"shut Kaul down"** <u>The Kaul Cases</u> Defendants did bribe senators/judges and corrupt courts in an attempt to thwart Plaintiff Kaul's prosecution of **The Kaul Cases**, one example being the corruptly engineered September 12, 2022, purported injunction from a district judge in New York, that is an admitted 'Fraud on the Court', in invalid and in which the district judge is terminally conflicted, consequent to disciplinary complaints and having been sued by Plaintiff.

**113.** However, immediately after the March 24, 2014, revocation, Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner/others and others were convinced they had 'gotten away' with their crimes of bribery/subornation perjury/evidential tampering/witness tampering/wire fraud/public corruption/honest services fraud/kickbacks and overall **"patterns of racketeering"**.

**114.** Co-conspirator Allstate in finalizing the final bribes to Defendants Kaufman/Lomazow/NNJBME and Co-conspirators Christie/Solomon did continue to use the US wires in the transmission of confirmation of how and where the bribes were transmitted, such was their confidence that Plaintiff Kaul would be caused to cease to exist.

**115.** From 2014 to 2016, Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner/others continued to perpetuate the publishing of defamatory articles about Plaintiff Kaul, to coincide with every illegal judgment from every illegal case filed in the New Jersey courts.

**116.** Every time a defamatory article was published, the New Jersey journalists (Lindy Washburn/Susan Livio) would enquire of Plaintiff Kaul's then lawyer if Plaintiff Kaul had left the country, the reason being that if he had, it would signal to **The Kaul Cases** Defendants a minimal likelihood of their crimes being exposed. Livio/Washburn did **The Kaul Cases** Defendants bidding.

**117.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner/others intended and knew that the illegal cases/deleterious effects precipitated by the events of the previous years (2010-2014) would continue for many years (2014-2023) and would cause **"ongoing"** and **"new"** injuries to Plaintiff Kaul in many jurisdictions.

**118.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner/others knew that the illegal cases would continue

in the New Jersey courts as the state judges, many appointed and still under the gubernatorial control of Defendant Christie, would ensure knowingly illegal multi-million-dollar judgements against Plaintiff Kaul.

**119.** In January 2019, Co-conspirator Allstate, central to the criminal conspiracy and having filed knowingly false lawsuits against Plaintiff Kaul since 2006/7 purposed to harass/deprive Plaintiff Kaul of payments due him, did procure an illegal judgment for almost six million dollars ($6,000,000) from a state court judge appointed by Defendant Christie.

**120.** Co-conspirator Allstate and other insurance companies had since at least 1999 been involved in a massive racketeering scheme within the New Jersey courts in which they bribed judges in return for entering judgements against physicians and other so called 'healthcare providers'.

**121.** The purpose of this racket was to eliminate physician/surgical center market competitors and increase executive/shareholder compensation through theft of services/extortion perpetrated under the cover of corrupt judges/courts/politicians.

**122.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner continuation of this **"ongoing"** court-based racket against Plaintiff despite the Wall Street Journal's September 2021 articles regarding judicial corruption/recent 2023 subpoenas by the Senate Judiciary Committee as to persons who participated in judicial corruption, evidences the risk they and others were prepared to take to attempt to prevent Plaintiff Kaul from further exposing their past/ongoing crimes.

**123.** In this period, occurring concurrently with Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner/others corruption of the courts, has been their conspiracy with **The Kaul Cases** Defendant Federation of State Medical Boards to obstruct Plaintiff Kaul's efforts to have his illegally revoked NJ license reinstated and or obtain a license in any other state including Texas, willful injuries that are ongoing, cumulative, and compounding in their causation of monetary damages.

**124.** In three (3) of **The Kaul Cases** (K5/K11-15/K11-17), the Defendants waived an opportunity to mitigate their damages in refusing to discuss settlement, as ordered, at a Rule 26 ordered conference in K5 on January 26, 2021, at a Rule 26 ordered conference in K11-15 on October 20, 2023, and as ordered on March 13, 2024, in K11-17.

**125.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner contumaciousness in continuing to violate Plaintiff Kaul's human/civil/constitutional rights by obstructing his licensing reinstatement/issuance efforts and his good faith efforts at dispute mediation are continuing to cause **"new racketeering injuries"** to Plaintiff Kaul's life/liberty/livelihood for which the law substantiates new claims (Lawlor v. National Screen Service Corp., 349 U.S. 322 (1955); Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479 (1985) as are now filed in K11-19, and will continue to be filed until

the current twelve-plus-years (12+) worth-of-injury caused to Plaintiff Kaul by **The Kaul Cases** Defendants are compensated/remediated/caused to cease.

# COUNT TWO
## Violation of Civil Rights
## Symbiosis of State/Private Actors

**126.** The 'state actor' Symbiotic test and the official state actor designation confirm that Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner have 'state actor' status for the purpose of a section 1983 claim.

**127.** The 'state actor' Joint Participation Doctrine test and the official state actor designation confirm that Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner have 'state actor' status for the purpose of a section 1983 claim.

**128.** The 'state actor' State Command and Encouragement test and the official state actor designation confirm that Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner have 'state actor' status for the purpose of a section 1983 claim.

**129.** The 'state actor' Pervasive Entwinement test and the official state actor designation confirm that Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner have 'state actor' status for the purpose of a section 1983 claim.

**130.** The 'state actor' Public Function test and the official state actor designation confirm that Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner have 'state actor' status for the purpose of a section 1983 claim.

**131.** All of the above pled facts do confirm the intertwinement, for the purposes of section 1983 claims, of the 'state actor' status of Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner

**132.** All of the above pled facts do confirm the intertwinement, for the purposes of section 1983 claims of the conferring on the state of the liability of the crimes caused by Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner against Plaintiff Kaul.

**133**. The above facts include the exchange between private and state actors of monies pertaining to **"patterns of racketeering"** conducted through American states.

**134.** The above facts include the exchange between private and state actors of information pertaining to **"patterns of racketeering"** conducted through American states.

**135.** The above facts include the exchange between private and state actors of monies for the purchase of state power/function through schemes of judicial/political bribery.

**136.** The above facts include the exchange between private and state actors of monies for the funding by the state of legal defenses of private actors/defendants in **The Kaul Cases**.

## COUNT THREE
### Section 1983 claim

**137.** In a period commencing in 2008/2009 Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner, as 'state actors' did abuse state/federal power to knowingly/willfully violate and deprive/continue to deprive Plaintiff Kaul of his constitutional rights pursuant to the <u>First Amendment</u> of the United States Constitution.

**138.** In a period commencing in 2008/2009 Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner as 'state actors' did abuse state/federal power to knowingly/willfully violate and deprive/continue to deprive Plaintiff Kaul of his constitutional rights pursuant to the <u>Second Amendment</u> of the United States Constitution.

**139.** In a period commencing in 2008/2009 Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner as state-actors did abuse state/federal power to knowingly/willfully violate and deprive/continue to deprive Plaintiff Kaul of his constitutional rights pursuant to the <u>Fourth Amendment</u> of the United States Constitution.

**140.** In a period commencing in 2008/2009 Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner as state-actors did abuse state/federal power to knowingly/willfully violate and deprive/continue to deprive Plaintiff Kaul of his constitutional rights pursuant to the <u>Fifth Amendment</u> of the United States Constitution.

**141.** In a period commencing in 2008/2009 Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner as state-actors did abuse state/federal power to knowingly/willfully violate and deprive/continue to deprive Plaintiff Kaul of his constitutional rights pursuant to the <u>Sixth Amendment</u> of the United States Constitution.

**142.** In a period commencing in 2008/2009 Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner as state-actors did abuse state/federal power to knowingly/willfully violate and deprive/continue to deprive Plaintiff Kaul of his constitutional rights pursuant to the <u>Eight Amendment</u> of the United States Constitution.

**143.** In a period commencing in 2008/2009 Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner as state-actors did abuse state/federal power to knowingly/willfully violate and deprive/continue to deprive Kaul Plaintiff of his constitutional rights pursuant to the <u>Fourteenth Amendment</u> of the United States Constitution.

**144.** These deprivations/violations willfully/maliciously caused by Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did illegally deprive/continue to deprive Plaintiff Kaul of the property of his <u>livelihood</u>.

**145.** These deprivations/violations willfully/maliciously caused by Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did illegally deprive/continue to deprive Plaintiff Kaul of the property of all his <u>business real estate</u>.

**146.** These deprivations/violations willfully/maliciously caused by Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did illegally deprive/continue to deprive Plaintiff Kaul of the property of all his <u>personal real estate</u>.

**147.** These deprivations/violations willfully/maliciously caused by Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did illegally deprive/continue to deprive Plaintiff Kaul of the property of all his <u>life earnings</u>.

**148.** These deprivations/violations willfully/maliciously caused by Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did illegally deprive/continue to deprive Plaintiff Kaul of the property of all his <u>pensions</u>.

**149.** These deprivations/violations willfully/maliciously caused by Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did illegally deprive/continue to deprive Plaintiff Kaul of the property of all his <u>financial investments</u>.

**150.** These deprivations/violations willfully/maliciously caused by Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did illegally deprive/continue to deprive Plaintiff Kaul of the property of all his <u>professional licenses</u>.

**151.** These deprivations/violations willfully/maliciously caused by Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did illegally deprive/continue to deprive Plaintiff Kaul of the property of all his <u>accounts receivable</u>.

**152.** These deprivations/violations willfully/maliciously caused by Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did illegally deprive/continue to deprive Plaintiff Kaul of his right to <u>due process</u>.

**153.** These deprivations/violations willfully/maliciously caused by Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did illegally deprive/continue to deprive Plaintiff Kaul of his right to <u>free speech</u>.

**154.** These deprivations/violations willfully/maliciously caused by Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did illegally deprive/continue to deprive Plaintiff Kaul of his right to <u>impartial tribunals/judges/courts</u>.

**155.** These deprivations/violations willfully/maliciously caused by Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did illegally deprive/continue to deprive Plaintiff Kaul of his right to <u>prosecute his claims</u>.

**156.** These deprivations/violations willfully/maliciously caused by Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did illegally deprive/continue to deprive Plaintiff Kaul of his right to <u>equal protection under the law</u>.

**157.** These deprivations/violations willfully/maliciously caused by Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did illegally deprive/continue to deprive Plaintiff Kaul of his right <u>to liberty</u>.

**158.** These deprivations/violations willfully/maliciously caused by Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did illegally deprive/continue to deprive Plaintiff Kaul of the <u>property of twelve (12) years of his life</u>.

**159.** These deprivations/violations/injuries were willfully/maliciously perpetrated by private actors within/through/with the assistance of the executive/judicial apparatus of the <u>American State</u>.

**160.** These deprivations/violations/injuries were willfully/maliciously perpetrated by state actors within/through/with the assistance of the executive/judicial apparatus of the <u>American State</u>.

**161.** The commercial/communications nexus between state and private actors critical to the perpetration of the within pled schemes conferred 'state actor' liability on all private actors as to the deprivations/violations/injuries caused to Plaintiff Kaul's <u>human/constitutional rights</u>.

**162.** The commercial/communications nexus between state and private actors critical to the perpetration of the within pled schemes conferred 'state actor' liability on all private actors as to the deprivations/violations/injuries caused to all Plaintiff Kaul's <u>property rights,</u> as stated above.

**163.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner were and are motivated to commit and continue to

commit these deprivations/violations/injuries to Plaintiff Kaul's <u>human/constitutional/property rights</u>.

**164.** The motivation is based on Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner scheme to prevent Plaintiff Kaul from exposing their decades-long crimes.

## COUNT FOUR
### <u>UN Human Rights Violation</u>
### <u>The United Nations Universal Declaration of Human Rights</u>

**165.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did knowingly and maliciously violate Plaintiff Kaul's rights pursuant to <u>Article 1</u> of the United Nations Universal Declaration of Human Rights: "All human beings are born free and equal in dignity and rights. They are endowed with reason and conscience and should act towards one another in a spirit of brotherhood."

**166.** The <u>Article 1</u> violation caused and continues to cause deprivations/violations/injuries to Plaintiff Kaul's human/constitutional/property rights.

**167.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did knowingly and maliciously violate Plaintiff Kaul's rights pursuant to <u>Article 2</u> of the United Nations Universal Declaration of Human Rights. Plaintiff Kaul is a citizen of India: "Everyone is entitled to all the rights and freedoms set forth in this Declaration, without distinction of any kind, such as race, colour, sex, language, religion, political or other opinion, national or social origin, property, birth, or other status. Furthermore, no distinction shall be made on the basis of the political, jurisdictional, or international status of the country or territory to which a person belongs, whether it be independent, trust, non-self-governing or under any other limitation of sovereignty."

**168.** The <u>Article 2</u> violation caused and continues to cause deprivations/violations/injuries to Plaintiff Kaul's human/constitutional/property rights.

**169.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did knowingly and maliciously violate Plaintiff Kaul's rights pursuant to <u>Article 3</u> of the United Nations Universal Declaration of Human Rights: "Everyone has the right to life, liberty and security of person."

**170.** The <u>Article 3</u> violation caused and continues to cause deprivations/violations/injuries to Plaintiff Kaul's human/constitutional/property rights.

**171.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did knowingly and maliciously violate Plaintiff

Kaul's rights pursuant to Article 4 of the United Nations Universal Declaration of Human Rights: "No one shall be held in slavery or servitude; slavery and the slave trade shall be prohibited in all their forms."

**172.** The Article 4 violation caused and continues to cause deprivations/violations/injuries to Plaintiff Kaul's human/constitutional/property rights.

**173.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did knowingly and maliciously violate Plaintiff Kaul's rights pursuant to Article 5 of the United Nations Universal Declaration of Human Rights: "No one shall be subjected to torture or to cruel, inhuman or degrading treatment or punishment."

**174.** The Article 5 violation caused and continues to cause deprivations/violations/injuries to Plaintiff Kaul's human/constitutional/property rights.

**175.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did knowingly and maliciously violate Plaintiff Kaul's rights pursuant to Article 6 of the United Nations Universal Declaration of Human Rights: "Everyone has the right to recognition everywhere as a person before the law."

**176.** The Article 6 violation caused and continues to cause deprivations/violations/injuries to Plaintiff Kaul's human/constitutional/property rights.

**177.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did knowingly and maliciously violate Plaintiff Kaul's rights pursuant to Article 7 of the United Nations Universal Declaration of Human Rights: "All are equal before the law and are entitled without any discrimination to equal protection of the law. All are entitled to equal protection against any discrimination in violation of this Declaration and against any incitement to such discrimination."

**178.** The Article 7 violation caused and continues to cause deprivations/violations/injuries to Plaintiff Kaul's human/constitutional/property rights.

**179.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did knowingly and maliciously violate Plaintiff Kaul's rights pursuant to Article 8 of the United Nations Universal Declaration of Human Rights: "Everyone has the right to an effective remedy by the competent national tribunals for acts violating the fundamental rights granted him by the constitution or by law."

**180.** The Article 8 violation caused and continues to cause deprivations/violations/injuries to Plaintiff Kaul's human/constitutional/property rights.

**181.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did knowingly and maliciously violate Plaintiff Kaul's rights pursuant to <u>Article 9</u> of the United Nations Universal Declaration of Human Rights: "No one shall be subjected to arbitrary arrest, detention or exile."

**182.** The <u>Article 9</u> violation caused and continues to cause deprivations/violations/injuries to Plaintiff Kaul's human/constitutional/property rights.

**183.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did knowingly and maliciously violate Plaintiff Kaul's rights pursuant to <u>Article 10</u> of the United Nations Universal Declaration of Human Rights: "**Everyone is entitled in full equality to a fair and public hearing by an independent and impartial tribunal, in the determination of his rights and obligations and of any criminal charge against him.**"

**184.** The <u>Article 10</u> violation caused and continues to cause deprivations/violations/injuries to Plaintiff Kaul's human/constitutional/property rights.

**185.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did knowingly and maliciously violate Plaintiff Kaul's rights pursuant to <u>Article 12</u> of the United Nations Universal Declaration of Human Rights: "**No one shall be subjected to arbitrary interference with his privacy, family, home or correspondence, nor to attacks upon his honour and reputation. Everyone has the right to the protection of the law against such interference or attacks.**"

**186.** The <u>Article 12</u> violation caused and continues to cause deprivations/violations/injuries to Plaintiff Kaul's human/constitutional/property rights.

**187.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did knowingly and maliciously violate Plaintiff Kaul's rights pursuant to <u>Article 17</u> of the United Nations Universal Declaration of Human Rights: "**1. Everyone has the right to own property alone as well as in association with others. 2. No one shall be arbitrarily deprived of his property.**"

**188.** The <u>Article 17</u> violation caused and continues to cause deprivations/violations/injuries to Plaintiff Kaul's human/constitutional/property rights.

**189.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did knowingly and maliciously violate Plaintiff Kaul's rights pursuant to <u>Article 19</u> of the United Nations Universal Declaration of Human Rights: "**Everyone has the right to freedom of opinion and expression; this right includes freedom to hold opinions without interference and to seek, receive and impart information and ideas through any media and regardless of frontiers.**"

**190.** The Article 19 violation caused and continues to cause deprivations/violations/injuries to Plaintiff Kaul's human/constitutional/property rights.

**191.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did knowingly and maliciously violate Plaintiff Kaul's rights pursuant to Article 23 of the United Nations Universal Declaration of Human Rights: "Everyone has the right to work, to free choice of employment, to just and favourable conditions of work and to protection against unemployment."

**192.** The Article 23 violation caused and continues to cause deprivations/violations/injuries to Plaintiff Kaul's human/constitutional/property rights.

**193.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did knowingly and maliciously violate Plaintiff Kaul's rights pursuant to Article 23 of the United Nations Universal Declaration of Human Rights: "Everyone has the right to a standard of living adequate for the health and well-being of himself and of his family, including food, clothing, housing and medical care and necessary social services, and the right to security in the event of unemployment, sickness, disability, widowhood, old age or other lack of livelihood in circumstances beyond his control."

**194.** The Article 23 violation caused and continues to cause deprivations/violations/injuries to Plaintiff Kaul's human/constitutional/property rights.

**195.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did knowingly and maliciously violate Plaintiff Kaul's rights pursuant to Article 28 of the United Nations Universal Declaration of Human Rights: "Everyone is entitled to a social and international order in which the rights and freedoms set forth in this Declaration can be fully realized."

**196.** The Article 28 violation caused and continues to cause deprivations/violations/injuries to Plaintiff Kaul's human/constitutional/property rights.

**197.** Defendants Kaufman/Lomazow/NJBME and Co-conspirators Allstate/Solomon/Christie/Kanefsky/Hafner did knowingly and maliciously violate Plaintiff Kaul's rights pursuant to Article 30 of the United Nations Universal Declaration of Human Rights: "Nothing in this Declaration may be interpreted as implying for any State, group or person any right to engage in any activity or to perform any act aimed at the destruction of any of the rights and freedoms set forth herein."

**198.** The Article 30 violation caused and continues to cause deprivations/violations/injuries to Plaintiff Kaul's human/constitutional/property rights.

# RELIEF

**1. COMPENSATORY + CONSEQUENTIAL + PUNITIVE DAMAGES:** On September 28, 2023, in K11-15, Plaintiff Kaul submitted a MOTION FOR DEFAULT JUDGMENT that contains a substantiated damages report based on Plaintiff Kaul's tax filings from 2001 to 2011 (**Exhibit 11**).

**2.** A **PUBLIC APOLOGY FROM DEFENDANTS CHRISTIE/HEARY/STOLZ** to be published on the platforms identified in the K1 February 22, 2016 'Settlement Terms' (K1: D.E. 1).

**3. IMMEDIATE REINSTATEMENT OF PLAINTIFF KAUL'S UNRESTRICTED NEW JERSEY LICENSE**

**4. ANY OTHER RELIEF THE COURT DEEMS APPROPRIATE AND NECESSARY FOP THE PURPOSE OF DETERRENCE.**

**The Kaul Cases** were caused to come into existence by the criminal conduct of state and private actors, who have violated Plaintiff Kaul's human/civil/constitutional rights since at least 2010, if not before. Had New Jersey Governor John Corzine secured a second gubernatorial term and had he sought the US Presidency, the crimes would not have occurred because he was independently wealthy and would have mostly funded his own campaign, in the much the same way as did Mitt Romney in 2012.

However, Defendant Christie's corrupt character in conjunction with his lack of personal wealth, blind ambition and pragmatic lack, account for the events that ensued after he and **The Kaul Cases** Defendants embarked on an ill-intended, ill-conceived, and ultimately futile, but yet ongoing attempt to eliminate Plaintiff Kaul. The legal jeopardy they face in 2024/onwards was caused by nobody but themselves and the sooner they remediate Plaintiff Kaul's ongoing injuries and are held accountable for their crimes, the less money/time they will spend defending pending/future claims from Plaintiff Kaul in domestic/foreign jurisdictions.

# CERTIFICATION

I, RICHARD ARJUN KAUL, MD the Plaintiff, do certify that the above statements are true and accurate to the best of my knowledge, and that if it is proved that I knowingly and willfully misrepresented the facts, then I will be subject to punishment.

DATED: JUNE 3, 2024

_R. K. I_

RICHARD ARJUN KAUL, MD